## 22-2194

# United States Court of Appeals
### for the
# Fourth Circuit

DENISE ERNUL,

*Plaintiff – Appellant,*

— v. —

APPALACHIAN COUNCIL OF GOVERNMENTS,

*Defendant – Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT GREENVILLE

# CORRECTED JOINT APPENDIX
# VOLUME ONE (PAGES 1-64)

Howard E. Sutter, III
SUTTER LAW FIRM LLC
200 East Main Street
Easley, South Carolina 29640
(864) 855-3114

*Counsel for Appellant*

Derwood L. Aydlette, III
GIGNILLIAT, SAVITZ & BETTIS LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina 29201
(803) 799-9311

*Counsel for Appellee*

# TABLE OF CONTENTS

**VOLUME ONE**

District Court Docket Sheet ......................................................................JA1

Notice of Removal from Court of Common Pleas,
With Attachment,
      filed June 17, 2021 .........................................................................JA5

      Attachment:

      Summons and Complaint
            dated April 21, 2021 ........................................................JA7

Defendant's Motion to Compel Discovery Responses,
With Exhibit,
      filed March 10, 2022.....................................................................JA13

      Exhibit:

      A.     Defendant's First Discovery Requests
            dated October 20, 2021 ......................................JA15

Defendant's Motion to Dismiss
      filed May 2, 2022........................................................................JA23

Second Amended Scheduling Order of
Magistrate Judge Jacquelyn D. Austin
      filed May 9, 2022........................................................................JA25

Defendant's Status Report,
With Exhibit,
      filed May 25, 2022.......................................................................JA27

      Exhibit:

      A.     Email Correspondence
            dated May 19, 2022............................................JA32

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss
      filed June 9, 2022.........................................................................JA34

Defendants' Reply to Plaintiff's Memorandum in Opposition to
Defendant's Motion to Dismiss
      filed June 16, 2022.......................................................................JA37

Report and Recommendation of
Magistrate Judge Jacquelyn D. Austin
      filed September 21, 2022..............................................................JA44

Order of
Magistrate Judge Timothy M. Cain
      filed October 18, 2022 .................................................................JA60

Judgment
      filed October 18, 2022 .................................................................JA63

Plaintiff's Notice of Appeal
      filed November 17, 2022..............................................................JA64

**VOLUME TWO (SEALED)**

Discovery Documents Provided to the Court for *in Camera* Review
Pursuant to Text Order entered by Magistrate Judge Jacquelyn D. Austin
      filed September 13, 2022..............................................................JA65

APPEAL,CLOSED,JURY,LC 2

**U.S. District Court**
**District of South Carolina (Greenville)**
**CIVIL DOCKET FOR CASE #: 6:21‒cv‒01842‒TMC**

Ernul v. Appalachian Council of Governments

Assigned to: Honorable Timothy M Cain

Case in other court:  Court of Common Pleas for Greenville
County, 2021‒CP‒23‒01838
4CCA, 22‒02194

Cause: 28:1441 Notice of Removal

Date Filed: 06/21/2021
Date Terminated: 10/18/2022
Jury Demand: Both
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Denise Ernul**                                    represented by    **Peter A Rutledge**
Rutledge Law LLC
350 Mohawk Drive
Suite 202
Greenville, SC 29609
864‒906‒2521
Fax: 864‒751‒7800
Email: peter@prutlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Appalachian Council of Governments**          represented by    **D L Dirk Aydlette , III**
Gignilliat Savitz and Bettis
900 Elmwood Avenue
Suite 100
Columbia, SC 29201
803‒799‒9311
Fax: 803‒254‒6951
Email: daydlette@gsblaw.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/17/2021 | 1 | NOTICE OF REMOVAL from Court of Common Pleas for Greenville County, case number 2021‒CP‒23‒01838. (Filing fee $ 402 receipt number 0420‒9911894), filed by Appalachian Council of Governments. (Attachments: # 1 State Court Documents) (sgri) (Entered: 06/21/2021) |
| 06/17/2021 | 3 | Local Rule 26.01 Answers to Interrogatories by Appalachian Council of Governments. (sgri) (Entered: 06/21/2021) |
| 06/17/2021 | 4 | ANSWER to Complaint (Notice of Removal) by Appalachian Council of Governments. (sgri) (Entered: 06/21/2021) |
| 06/21/2021 | 5 | NOTICE PLAINTIFF HAS 14‒DAYS TO FILE 26.01 INTERROGATORIES (sgri) (Entered: 06/21/2021) |
| 07/13/2021 | 8 | **CONFERENCE AND SCHEDULING ORDER Rule 26(f) Conference Deadline 8/3/2021, 26(a) Initial Disclosures due by 8/17/2021, Rule 26 Report due by 8/17/2021, Motions to Amend Pleadings due by 9/7/2021, Plaintiffs ID of Expert Witness due by 10/7/2021, Defendants ID of Expert Witnesses Due by 11/8/2021, Records Custodian Affidavit due by 11/8/2021, Discovery due by 1/7/2022, Motions due by 3/8/2022, Mediation Due by 2/7/2022, This case is subject to being called for jury selection and trial thirty (30) days following the issuance of a Report and Recommendation on any motion described in paragraph 9 of this** |

JA1

| | | |
|---|---|---|
| | | **Order, unless otherwise ordered by the Court. Signed by Magistrate Judge Jacquelyn D. Austin on 7/13/2021. (sgri) (Entered: 07/13/2021)** |
| 08/06/2021 | 10 | *Plaintiff's* Local Rule 26.01 Answers to Interrogatories by Denise Ernul.(Rutledge, Peter) (Entered: 08/06/2021) |
| 08/17/2021 | 11 | Joint Rule 26(f) Report by Appalachian Council of Governments.(Aydlette, D L) (Entered: 08/17/2021) |
| 08/17/2021 | 12 | *Joint* Rule 26 Outline of Discovery Plan by Appalachian Council of Governments.(Aydlette, D L) (Entered: 08/17/2021) |
| 08/17/2021 | 13 | Local Rule 26.03 Answers to Interrogatories by Appalachian Council of Governments.(Aydlette, D L) (Entered: 08/17/2021) |
| 01/05/2022 | 14 | Joint MOTION to Amend/Correct 8 Scheduling Order,,, by Appalachian Council of Governments. Response to Motion due by 1/19/2022. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. Proposed order is being emailed to chambers with copy to opposing counsel.Motions referred to Jacquelyn D Austin.(Aydlette, D L) (Entered: 01/05/2022) |
| 01/05/2022 | 15 | **TEXT ORDER denying with leave to refile 14 Joint motion to amend/correct 8 Scheduling Order. The joint motion filed by the parties fails to comply with Local Rule 6.01 in that it does not make a showing that discovery has been diligently pursued during the originally specified time period. Neither does the motion specify what discovery has been completed and what remains outstanding. Signed by Magistrate Judge Jacquelyn D. Austin on 1/5/2022. (sgri) (Entered: 01/05/2022)** |
| 01/05/2022 | 16 | Joint MOTION to Amend/Correct 8 Scheduling Order,,, *(Renewed Joint Motion)* by Appalachian Council of Governments. Response to Motion due by 1/19/2022. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. Proposed order is being emailed to chambers with copy to opposing counsel.Motions referred to Jacquelyn D Austin.(Aydlette, D L) (Entered: 01/05/2022) |
| 01/06/2022 | 17 | **TEXT ORDER granting 16 Joint motion to amend/correct 8 Scheduling Order. Signed by Magistrate Judge Jacquelyn D. Austin on 1/6/2022. (sgri) (Entered: 01/06/2022)** |
| 01/06/2022 | 18 | **AMENDED CONFERENCE AND SCHEDULING ORDER Discovery due by 5/6/2022, Motions due by 7/8/2022, Mediation Due by 6/7/2022, This case is subject to being called for jury selection and trial thirty (30) days following the issuance of a Report and Recommendation on any motion described in paragraph 9 of this Order, unless otherwise ordered by the Court. Signed by Magistrate Judge Jacquelyn D. Austin on 1/6/2022. (sgri) (Entered: 01/06/2022)** |
| 03/10/2022 | 19 | MOTION to Compel by Appalachian Council of Governments. Response to Motion due by 3/24/2022. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (Attachments: # 1 Exhibit A– Defendant's First Discovery Requests)No proposed order.Motions referred to Jacquelyn D Austin.(Aydlette, D L) (Entered: 03/10/2022) |
| 03/30/2022 | 20 | **TEXT ORDER granting as unopposed 19 motion to compel. Plaintiff shall fully respond to Defendant's First Discovery Requests by April 20, 2022. Signed by Magistrate Judge Jacquelyn D. Austin on 3/30/2022. (sgri) (Entered: 03/30/2022)** |
| 05/02/2022 | 21 | MOTION to Dismiss by Appalachian Council of Governments. Response to Motion due by 5/16/2022. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. No proposed order.Motions referred to Jacquelyn D Austin.(Aydlette, D L) (Entered: 05/02/2022) |
| 05/03/2022 | 22 | NOTICE of Hearing on Motion 21 MOTION to Dismiss : Telephone Conference set for 5/3/2022 03:30 PM before Magistrate Judge Jacquelyn D. Austin. Counsel have provided call in information that will be forwarded to all appropriate parties. (sgri) (Entered: 05/03/2022) |
| 05/03/2022 | 23 | **TEXT ORDER taking under advisement 21 motion to dismiss. The Court held a telephone conference and Orders Plaintiff to respond to Defendants discovery in** |

| | | |
|---|---|---|
| | | full and without objection by May 13, 2022. Additionally, the parties are Ordered to submit a proposed amended scheduling order for the Court's consideration by May 9, 2022. The Court will rule on Defendant's request for sanctions and/or dismissal after Plaintiff produces discovery responses. Signed by Magistrate Judge Jacquelyn D. Austin on 5/3/2022. (sgri) (Entered: 05/04/2022) |
| 05/03/2022 | 24 | Minute Entry. Proceedings held before Magistrate Judge Jacquelyn D. Austin: Telephone Conference held on 5/3/2022. (sgri) (Entered: 05/04/2022) |
| 05/09/2022 | 26 | SECOND AMENDED SCHEDULING ORDER Discovery due by 6/3/2022, Motions due by 8/15/2022, Mediation Due by 7/31/2022, This case is subject to being called for jury selection and trial thirty (30) days following the issuance of a Report and Recommendation on any motion described in paragraph 9 of this Order, unless otherwise ordered by the Court. Signed by Magistrate Judge Jacquelyn D. Austin on 5/9/2022. (sgri) (Entered: 05/09/2022) |
| 05/18/2022 | 27 | TEXT ORDER directing the parties to provide a status update to the Court with respect to the production of discovery which was due to be provided by Plaintiff on or before May 13, 2022. Defendant should also advise whether its 21 Motion to Dismiss should still be considered or withdrawn. The status report should be filed on or before May 25, 2022. Signed by Magistrate Judge Jacquelyn D. Austin on 5/18/2022. (sgri) (Entered: 05/18/2022) |
| 05/25/2022 | 28 | STATUS REPORT by Appalachian Council of Governments. (Attachments: # 1 Exhibit A–May 19, 2022 Email)(Aydlette, D L) (Entered: 05/25/2022) |
| 05/26/2022 | 30 | TEXT ORDER directing Plaintiff to respond to 21 motion to dismiss by June 6, 2022. Signed by Magistrate Judge Jacquelyn D. Austin on 5/26/2022. (sgri) (Entered: 05/26/2022) |
| 06/02/2022 | 31 | MOTION To Hold Scheduling Order Deadlines in Abeyance re 26 Scheduling Order, by Appalachian Council of Governments. Response due by 6/16/2022. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. No proposed order.Motions referred to Jacquelyn D Austin.(Aydlette, D L) (Entered: 06/02/2022) |
| 06/06/2022 | 32 | TEXT ORDER granting 31 Motion to hold Scheduling Order deadlines in abeyance re 26 Scheduling Order. The Scheduling Order deadlines are stayed until the Court has had an opportunity to rule on the pending 21 Motion to dismiss. Signed by Magistrate Judge Jacquelyn D. Austin on 6/6/2022. (sgri) (Entered: 06/06/2022) |
| 06/09/2022 | 33 | RESPONSE in Opposition re 21 MOTION to Dismiss Response filed by Denise Ernul.Reply to Response to Motion due by 6/16/2022 Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6. (Rutledge, Peter) (Entered: 06/09/2022) |
| 06/16/2022 | 34 | REPLY to Response to Motion re 21 MOTION to Dismiss Response filed by Appalachian Council of Governments. (Aydlette, D L) (Entered: 06/16/2022) |
| 09/09/2022 | 37 | TEXT ORDER directing Defendant to forward to the Court by September 13, 2022, for in camera review, all of the discovery that Plaintiff has produced. Signed by Magistrate Judge Jacquelyn D Austin on 9/9/22. (rweb, ) (Entered: 09/12/2022) |
| 09/21/2022 | 39 | REPORT AND RECOMMENDATION; based upon the foregoing, the undersigned recommends that Defendant's motion to dismiss Doc. 21 be GRANTED. Objections to R&R due by 10/5/2022. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. Signed by Magistrate Judge Jacquelyn D Austin on 9/21/22. (rweb, ) (Entered: 09/21/2022) |
| 10/18/2022 | 41 | ORDER RULING ON REPORT AND RECOMMENDATION; the court adopts the Report in its entirety (ECF No. 39 ) and incorporates it herein. Accordingly, Defendant's motion to dismiss (ECF No. 21 ) is GRANTED. Signed by Honorable Timothy M Cain on 10/18/22. (rweb, ) (Entered: 10/18/2022) |

JA3

| 10/18/2022 | 42 | JUDGMENT; dismissed. (rweb, ) (Entered: 10/18/2022) |
|---|---|---|
| 11/17/2022 | 43 | NOTICE OF APPEAL as to 41 Order Ruling on Report and Recommendation, 42 Judgment by Denise Ernul. – Filing fee $ 505, receipt number BSCDC–10808421. The Docketing Statement form, Transcript Order form and CJA 24 form may be obtained from the Fourth Circuit website at www.ca4.uscourts.gov (Rutledge, Peter) (Entered: 11/17/2022) |
| 11/18/2022 | 44 | Transmittal Sheet for Notice of Appeal to USCA re 43 Notice of Appeal. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (kmca) (Entered: 11/18/2022) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Denise Ernul | ) | C.A. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Appalachian Council of Governments, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Pursuant to 28 U.S.C. § 1441(a) and (b), Defendant files this Notice of Removal to

remove this action from the Court of Common Pleas for Greenville County, South Carolina, to

the United States District Court for the District of South Carolina, and states:

1.    This action was commenced in the Court of Common Pleas for Greenville

County, South Carolina, on April 21, 2021, by filing of the Summons and Complaint. The

Summons and Complaint, copies of which are attached, were thereafter served on Defendant on

May 20, 2021.

2.    The action referred to in paragraph 1 is a civil action over which this court has

original and removal jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1441(a). In particular, the

court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1441(a) in that it appears upon the face

of the Complaint that this action arises under the Constitution and laws of the United States,

specifically Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. More

Page 1 of  2

JA5

specifically, Plaintiff, a former employee of Defendant, alleges that she was subjected to discrimination based on her race and color.

        3.      This Notice of Removal is filed within thirty (30) days after service of the Summons and Complaint upon Defendant and is therefore timely under 28 U.S.C. § 1446(b).

        4.      Copies of all pleadings and papers served on Defendant to date are attached and filed with this Notice of Removal.

        5.      Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff.

        6.      A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the Court of Common Pleas for Greenville County, South Carolina, as provided under 28 U.S.C. § 1446(d).

        WHEREFORE, Defendant removes this action to this Court's jurisdiction.


                                                                   s/ Derwood L. Aydlette III
                                   Derwood L. Aydlette III (FID No. 5036)
                                   GIGNILLIAT, SAVITZ & BETTIS, LLP
                                   900 Elmwood Avenue, Suite 100
                                   Columbia, South Carolina  29201
                                   Ph: (803) 799-9311
                                   Fax:  (803) 254-6951
                                   daydlette@gsblaw.net

June 17, 2021                                ATTORNEYS FOR DEFENDANT

Columbia, South Carolina


Page 2 of  2


JA6

ELECTRONICALLY FILED - 2021 Apr 21 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2021CP2301838

| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE | IN THE COURT OF COMMON PLEAS |
|---|---|

| Denise Ernul,<br>          Plaintiff,<br><br>vs.<br><br>Appalachian Council of Governments,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2021-CP-23-_____<br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

s/ Peter A. Rutledge
Peter A. Rutledge (SC #15899)
Rutledge Law, LLC
66 Faris Circle
Greenville, SC 29605
(864) 906-2521
Attorneys for Plaintiff

JA7

ELECTRONICALLY FILED - 2021 Apr 21 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2021CP2301838

| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE | IN THE COURT OF COMMON PLEAS |
|---|---|

| Denise Ernul,<br>         Plaintiff,<br><br>vs.<br><br>Appalachian Council of Governments,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2021-CP-23-_____<br><br>**SUMMONS** |
|---|---|---|

| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE | IN THE COURT OF COMMON PLEAS |
|---|---|

| Denise Ernul,<br>         Plaintiff,<br><br>vs.<br><br>Appalachian Council of Governments,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2021-CP-23-_____<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |
|---|---|---|

The Plaintiff, Denise Ernul, complaining of the Defendant, Appalachian Council of Governments (ACOG), would respectfully show unto the Court as follows:

1.    Plaintiff is a citizen and resident of the State of South Carolina, County of Greenville.

2.    Defendant, ACOG is a non-profit organization located in Greenville, South Carolina.

3.    This Court has jurisdiction over the Defendants, and venue is proper in this Court.

JA8

ELECTRONICALLY FILED - 2021 Apr 21 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2021CP2301838

## FACTUAL BACKGROUND

4.      Plaintiff is a forty-eight (48) year old African American/Asian female. She was originally employed by Defendant in June 2018 as an office manager, until her wrongful termination in August 2020.

5.      ACOG is a multifaceted service organization for local governments that provides public administration, planning, information systems and technology, grants, workforce development, and services for the elderly.

6.      As Office Manager, Plaintiff was tasked with a broad range of responsibilities. She also managed two employees.

7.      In May 2019, Plaintiff obtained her license to sell insurance to earn additional income. This was not prohibited by ACOG policy.

8.      In July 2019, Plaintiff received an annual evaluation that rated her performance in several metrics ranging from "exceeds standards" to "outstanding."

9.      In July 2020, Plaintiff received an annual evaluation that rated her performance as competent and received a two percent merit increase in August 2020.

10.     At times, Defendant mistakenly accused Plaintiff of performing her insurance sales business during regular business hours. Plaintiff only ever pursued her insurance business after hours and on weekends. By way of example, once when Plaintiff was meeting with ACOG's insurance agent, Finance Director Don Zimmer believed Plaintiff was at that time conducting her insurance business.

11.     Plaintiff's co-workers with part-time or supplemental employment, who were not of Plaintiff's race or color, were treated better by not being disciplined for soliciting business for themselves within the ACOG organization. Those persons are Sandy Dunagan (Avon), Kensey

JA9

ELECTRONICALLY FILED - 2021 Apr 21 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2021CP2301838

Burkhalter (Dietary Shake), Michelle Anderson (Cabin Rentals), and Monica Ramm (Baby Bibs and other crafts); all Caucasians.

12.    By contrast, Plaintiff was instructed she shouldn't even mention in any way especially onsite, her supplemental employment because of its perception to colleagues that it was interfering with her performance at ACOG. This restriction was not conveyed to Plaintiff's white co-workers.

13.    Ultimately, Plaintiff's employment was terminated for the pre-textual reason that ACOG had lost confidence in her ability to perform her job, citing her supplemental employment in insurance sales.

### FOR A FIRST CAUSE OF ACTION
### (Race Discrimination and Color discrimination under Title VII)

14.    The foregoing allegations of this Complaint are incorporated herein where not inconsistent or contrary hereto as fully as if repeated herein.

15.    Plaintiff was an employee of ACOG two and a half years. Throughout the course of her employment, Plaintiff performed her duties loyally, ethically, and competently. The Plaintiff regularly performed her job duties in a manner that exceeded ACOG's legitimate expectations.

16.    This cause of action is brought pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et. seq.*, to obtain relief for the Plaintiff due to race discrimination in the practices of Defendant ACOG in purporting to discipline Plaintiff for pretextual reasons that similarly situated white employees were not disciplined for. Upon information and belief, the Defendant is subject to suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, because it meets the definition of "employer" within the meaning of 42 U.S.C. §2000e(b).

JA10

ELECTRONICALLY FILED - 2021 Apr 21 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2021CP2301838

17.    The conduct herein complained of by the Plaintiff violated Title VII of the United States Civil Rights Act (42 U.S.C. §2000(e)), as amended, and ACOG's excuses for terminating Plaintiff are false, without merit, and used in an attempt to mask the race discrimination to which the Defendant has wrongfully subjected the Plaintiff.

18.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission which issued her a Notice of Right to Sue. Plaintiff has timely brought suit within 90 days of her receipt of said notice.

19.    As a direct and proximate result of the Defendant's wrongful termination of the Plaintiff, Plaintiff has suffered irreparable harm at the hands of the Defendant. She seeks the back wages and benefits that she would have earned, but for the Defendant's discriminatory conduct.  The Plaintiff also  seeks compensatory damages for her injuries which include emotional pain, suffering,  inconvenience, embarrassment, humiliation, mental anguish, loss of enjoyment of life, future pecuniary losses and various other pecuniary and non-pecuniary losses, all arising out of the retaliatory actions of the Defendant.

### FOR A SECOND CAUSE OF ACTION
### (Violation of 42 USC §1981)

20.    The foregoing allegations of this Complaint are incorporated herein where not inconsistent or contrary hereto as fully as if repeated herein.

21.    Plaintiff was denied equal enjoyment of the benefits, privileges, terms, and conditions of her contractual employment relationship with Defendant because of her race.

22.    Additionally, Defendant, by and through its agents, impaired Plaintiff from receiving such equal treatment under her contract of employment.

23.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered actual harm.

JA11

24.     Accordingly, Plaintiff requests this Court award her actual damages, compensatory damages, back pay and front pay, and any other and further relief deemed appropriate by this Court.

**WHEREFORE**, having fully set forth her claims, Plaintiff prays for relief as follows:

(1)     A jury trial on all claims;

(2)     Actual, compensatory damages, consequential damages, as may be awarded by a jury, for all damages naturally flowing from Defendant's unlawful acts;

(3)     Punitive damages as may be awarded by a jury to deter Defendant from further similar unlawful acts and conduct as suffered by the Plaintiff;

(4)     Attorney's fees and costs, including expert fees and all other costs, incurred by the Plaintiff in the bringing of this action; and

(5)     Such other and further relief as this Court, and a jury of Plaintiff's peers, deems just and proper.

s/ Peter A. Rutledge
Peter A. Rutledge (SC #15899)
Rutledge Law, LLC
66 Faris Circle
Greenville, SC 29605
(864) 906-2521
Attorneys for Plaintiff

6

ELECTRONICALLY FILED - 2021 Apr 21 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2021CP2301838

JA12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Denise Ernul | ) | C.A. No. 6:21-cv-01842-TMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' MOTION TO COMPEL** |
| | ) | **DISCOVERY RESPONSES** |
| Appalachian Council of Governments, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Appalachian Council of Governments ("Defendant") respectfully moves the Court pursuant to Fed. R. Civ. P. 37(a) for an order compelling Plaintiff to respond to Defendant's First Discovery Requests (Exhibit A).

On October 21, 2021, Defendant served Defendant's First Discovery Requests on Plaintiff via email as agreed upon by the parties. Responses were due on November 20, 2021. Thereafter, Defendant granted Plaintiff several extensions, with the final extension ending at Plaintiff's request on March 4, 2022. To date, Plaintiff has not submitted the discovery responses. Defendant respectfully requests that this Court order Plaintiff to fully respond to Defendant's First Discovery Requests.

The undersigned asserts that he has consulted with the Plaintiff's attorney as described herein, and further consultation would serve no useful purpose.

(Signature Page Follows)

Page 1 of 2

JA13

March 10, 2022

Columbia, South Carolina

s/ Derwood L. Aydlette III
Derwood L. Aydlette III (FID No. 5036)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Ph: (803) 799-9311
Fax:  (803) 254-6951
daydlette@gsblaw.net

ATTORNEYS FOR DEFENDANT

JA14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Denise Ernul | ) | C.A. No. 6:21-cv-01842-TMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S FIRST** |
| | ) | **DISCOVERY REQUESTS** |
| Appalachian Council of Governments, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>Interrogatories</u>**

*Instructions*

Defendants hereby request, pursuant to Rule 33 of the Federal Rules of Civil Procedure, that you answer the following interrogatories in writing and under oath within thirty (30) days after service. These interrogatories shall be deemed to be continuing so as to require you seasonably to supplement your answers thereto up to and through the time of trial in accordance with Rule 26(e), Federal Rules of Civil Procedure. If you are unable to answer any of the interrogatories, or part or parts thereof, please specify the reason for your inability and state what other knowledge or information you have concerning the unanswered portion.

As used in these interrogatories, "identify" means, when asked to identify a person, to provide the full name, title, and current address and telephone number of the person, and, if their full name is unknown, a complete physical description giving such person's sex, race, approximate age, height, and weight. When asked to identify a document, "identify" means to provide a full and detailed description of the document and the name and address of the person

1

JA15

who has custody of the document. In lieu of providing a full and detailed description of a document, you may attach to your answers a copy of the document and identify the person who has custody of it. When the word "document" is used herein, it means any written, printed, typed, graphic, photographic, or electronic matter of any kind or nature and includes, but is not limited to, statements, contracts, agreements, reports, opinions, graphs, books, records, letters, correspondence, notes, notebooks, minutes, diaries, memoranda, transcripts, photographs, pictures, photomicrographs, prints, negatives, motion pictures, sketches, drawings, publications, and tape recordings. As used in these interrogatories, "address" means home address, mailing address, and business address.

Wherever in these interrogatories a masculine pronoun or possessive adjective appears, it refers to both males and females in accordance with traditional English usage.

*Questions*

1.    Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements. For each such witness, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

2.    Set forth a list of photographs, plats, sketches or other prepared documents in possession of the party that relate to the claims or defenses in the case. (Production of documents and things as requested in this interrogatory and as requested in the defendants' requests for production will satisfy this interrogatory).

2

JA16

3.      Set forth an itemized statement of all damages, exclusive of pain and suffering, claimed to have been sustained by the plaintiff.

4.      In connection with the attorneys' fees claimed in the plaintiff's complaint, identify all attorneys' fees that plaintiff has incurred, including all attorneys' fees the plaintiff or anyone acting on plaintiff's behalf has been invoiced, all attorneys' fees the plaintiff or anyone acting on plaintiff's behalf has paid, and all attorneys' fee agreements related to this action.

5.      Identify by full name each employee and former employee of defendants that the plaintiff, plaintiff's counsel, and/or their agents have consulted or contacted with regard to allegations in this lawsuit, and indicate the date of each consultation or contact, who initiated such consultation or contact, and the substance of each communication.

6.      Identify by full name, resident town or city, and relationship to the plaintiff, each of the plaintiff's immediate family members in South Carolina, including parents (and step-parents), spouse and former spouse(s), children (and step-children), siblings (and step-siblings), grandparents, aunts, uncles, cousins, and in-laws.

7.      Identify all current and past employment or business ownership of Plaintiff, including self-employment, work performed as an independent contractor, volunteer employment, and employment without compensation, including:

        a.      The full name, address and telephone number of each employer;

        b.      Dates of employment or contractual relationship;

        c.      Description of the job or position held;

        d.      Wages or salary received;

        e.      The number of hours per week the plaintiff worked during each period of

3

employment;

    f.    The plaintiff's supervisor;

    g.    Disciplinary actions taken against the plaintiff;

    h.    The reason the plaintiff's employment ended;

    i.    As to any business owned in whole or in part by Plaintiff, identify by name
and address any individual(s) who also held an ownership interest in said business from 2011 to
the present and provide the names and addresses of any employees of said business from 2011 to
the present;

    j.    Identification and description of each charge or complaint made to any
federal, state or local court or agency, or any other tribunal, regarding such employment,
including the name of the agency or court, the number assigned by the court or agency, the date
of each charge or complaint, the full names of the parties involved, the nature of the charge or
complaint, and a detailed description of the proceedings and outcome of each such charge or
complaint.

    8.    Indicate all current and past enrollment in any educational or training institution
by the plaintiff. As to such enrollment, include:

    a.    The full name and address of each institution attended;

    b.    Dates of enrollment;

    c.    Identification of courses taken, including major course of study;

    d.    Identification of certificates and degrees obtained, including dates
received;

    e.    Identification of the plaintiff's status while enrolled; i.e., part-time,

4

full-time, resident, commuter, correspondent, etc.

9.      Identify every report, charge, complaint, lawsuit, or other proceeding of any nature in which the plaintiff has been involved before any local, state and/or federal agency, court or other tribunal. This includes the identity of the local, state and/or federal agency, court or other tribunal, its address and telephone number, the date of each report, charge, complaint, or lawsuit, any agency or docket number(s) assigned to the report, charge, complaint, or lawsuit, a detailed account of the proceedings before each agency, court, or tribunal, and the date and a detailed description of each agency or court's determination.

10.     Identify every social networking site account, webpage, and/or blog maintained or created by the plaintiff and all postings by the plaintiff at any social networking site, webpage, and/or blog relevant to the allegations asserted in the Complaint.

11.     List the names, addresses, and telephone numbers of any expert witness the plaintiff proposes to use as a witness at the trial of this case, and, as to each expert so identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

12.     Provide the name(s) of Plaintiff's cell phone providers and any and all cell phone numbers utilized by Plaintiff while she was employed by Defendant.

13.     Identify all email addresses utilized by Plaintiff  while she was employed by Defendant.

**Requests for Production**

*Instructions*

5

JA19

Pursuant to Rule 34 of the South Carolina Rules of Civil Procedure, Defendants request that you produce the following documents and things for inspection and copying within thirty (30) days at the offices of Gignilliat, Savitz & Bettis, 900 Elmwood Avenue, Suite 100, Columbia, South Carolina, 29201. In lieu of producing the requested documents at that time, you may send copies of these documents along with your written response to this request to the undersigned within thirty (30) days. This request is deemed to be continuing, and the plaintiff is requested and expected to update responses to these requests in a timely fashion, providing all requested information up to and through the time of trial.

*Requests*

1.    All federal and state income tax returns signed and filed by the plaintiff for tax years 2011 and subsequent years. This request includes all supporting schedules and documents, such as W2 forms, 1099s, and the like, whether filed or not, as well as tax returns for any business in which Plaintiff had an interest.

2.    All income and expense records, financial statements and agreements of any partnership, joint venture, proprietorship or other business entity in which the plaintiff has or had any interest whatsoever from 2011 to the present.

3.    Each document, recording, and/or thing in the plaintiff's possession or control which is relevant to the plaintiff's claim(s) against the defendants or which may be likely to lead to the discovery of relevant evidence.

4.    All documents and things relating to jobs held by the plaintiff, including any volunteer employment and employment without compensation. The documents and things responsive to this request include, but are not limited to, paychecks and stubs, employee

6

handbooks, summary plan descriptions of benefit plans offered, job descriptions, offer letters, terms of employment, corrective actions or reprimands, complaints made by or against the plaintiff, and the like.

5.    All documents and things relating to the plaintiff's employment with the defendants, including but not limited to any personnel documents, whether or not contained in the plaintiff's personnel file, contracts, letters or correspondence, handbooks, and applications for employment.

6.    All statements and reports from lay and expert witnesses.

7.    All documents and things relating to any wages, other payments, and employment benefits which the plaintiff has received as an employee or business owner from 2011 to the present, including, but not limited to, health insurance, dental insurance, life insurance, long and short term disability benefits, retirement or pension benefits, profit sharing or 401(k) plans, and employee stock ownership plans.

8.    All documents and things mentioned, inquired about, requested, identified, referred to, or relevant to defendants' interrogatories or the plaintiff's responses thereto.

9.    All documents and things discovered, identified or referred to by the plaintiff or plaintiff's attorneys in preparation of this lawsuit, discovery, and trial.

10.    All documents and things which refer or relate to any communication(s) which the plaintiff has had with any person or entity concerning: (a) the fact that plaintiff is suing the defendants; or (b) plaintiff's claim or belief that the defendants have engaged in any unlawful conduct.

11.    All diaries, journals, calendars, planners, notebooks or similar items created or

7

maintained by the plaintiff.

12.     All audio and/or video recordings made and/or maintained by the plaintiff of any current or former employee of Defendants and/or anyone else related to the allegations in the plaintiff's Complaint, including any recordings made on an iPhone, smartphone, Blackberry, PDA, or other recording device.

13.     All documents, recordings, and things the plaintiff (including the plaintiff's counsel) has submitted to, or received from, the South Carolina Human Affairs Commission, the Equal Employment Opportunity Commission, the South Carolina Department of Employment and Workforce, or any other governmental agency regarding the claims in this lawsuit.

14.     Copies of any loan or grant applications made on behalf of any business in which Plaintiff has an ownership interest including supporting documentation of any kind, as well as any correspondence or other communications or documents pertaining to said applications.

15.     Copies of information and/or statements relevant to the claims or defenses in this action maintained on any website, blog, or social networking site, including any information and/or statements maintained, shared, submitted, or posted by the plaintiff.

October 20, 2021

Columbia, South Carolina

**Certificate of Service**
I hereby certify that on the above date, I caused to be served on counsel of record a true and correct copy of this document by email.

s/Derwood L. Aydlette, III
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.

s/ Derwood L. Aydlette III
Derwood L. Aydlette III (FID No. 5036)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Ph: (803) 799-9311
Fax:  (803) 254-6951
daydlette@gsblaw.net

ATTORNEYS FOR DEFENDANT

JA22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Denise Ernul | ) | C.A. No. 6:21-cv-01842-TMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S MOTION TO DISMISS** |
| | ) | |
| Appalachian Council of Governments, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Appalachian Council of Governments ("Defendant") respectfully moves the Court pursuant to Fed. R. Civ. P. 37(b)(2)(A) for an order dismissing this action for failure to prosecute. The grounds for this motion are as follows:

1.    This action was filed in state court on April 21, 2021. (Dkt. Entry 1-1). It was subsequently removed to this court on June 17, 2021. (Dkt. Entry 1)

2.    Discovery was served on Plaintiff on October 21, 2021. (Dkt. Entry 19 Ex. A). Plaintiff was allowed several extensions and ultimately agreed to respond to discovery on March 4, 2022. (Dkt. Entry 19).

3.    As of March 10, 2022, Plaintiff had not responded to discovery and a motion to compel was filed. (*Id*.). Plaintiff did not respond to the motion to compel.

4.    On March 30, 2022, a text order granting the motion to compel was entered whereby Plaintiff was ordered to respond to Defendant's discovery by April 20, 2022. (Dkt. Entry 20).

5.    As of the date of this motion, no responses have been forthcoming from Plaintiff

Page 1 of 2

JA23

despite repeated requests and despite the fact that Plaintiff has had six months and eleven days to respond.

6.      The undersigned represents that Plaintiff's deposition is currently scheduled for Thursday, May 5, 2022, the day before the close of discovery in this case,. Defendant is prejudiced by Plaintiff's failure to provide discovery responses in a timely fashion despite this court's Order of March 30, 2022. The undersigned further represents that Plaintiff has not engaged in discovery of her own or otherwise prosecuted this action since the filing of her Complaint more than a year ago.

Based on the foregoing, Defendant respectfully requests that this action be dismissed with prejudice. In the alternative, Defendant asks that sanctions be awarded; that Plaintiff be ordered to respond to Defendant's discovery in full and without objection no later than May 13, 2022; that the discovery deadline be extended to May 31, 2022, to allow Defendant time to receive and review Plaintiff's discovery responses prior to deposing Plaintiff; and that Plaintiff be warned that any further failure to cooperate in discovery or otherwise prosecute this action may result in dismissal with prejudice.

May 2, 2022

Columbia, South Carolina

_s/ Derwood L. Aydlette III_

Derwood L. Aydlette III (FID No. 5036)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Ph: (803) 799-9311
Fax:  (803) 254-6951
daydlette@gsblaw.net

ATTORNEYS FOR DEFENDANT

Page 2 of  2

JA24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Denise Ernul | ) | C.A. No. 6:21-cv-01842-TMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SECOND AMENDED** |
| | ) | **SCHEDULING ORDER** |
| Appalachian Council of Governments, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the telephone conference of the court and counsel on May 3, 2022, the court

hereby amends the remaining deadlines of the First Amended Scheduling Order entered on

January 6, 2022 as follows:

8.  Discovery shall be completed no later than **June 3, 2022**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02. (The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this order are not affected.)

9.  All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **August 15, 2022**. (Fed. R. Civ. P. 16(b)(2)).

10. Mediation, pursuant to Local Civil Rules 16.04 - 16.12, shall be completed in this case on or before **July 31, 2022**. See attached form setting forth Mediation Requirements. At least thirty (30) days prior to this mediation deadline, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. The parties are directed to complete the Mediation Initiation Form attached to the initial Scheduling Order and return it to the Court not later than thirty (30) days prior to the mediation deadline.

11. This case is subject to being called for jury selection and trial thirty (30) days following the issuance of a Report and Recommendation on any motion described in ¶ 9 of this Order, unless otherwise ordered by the Court.

JA25

IT IS SO ORDERED.

          _____s/Jacquelyn D. Austin_____
          UNITED STATES MAGISTRATE JUDGE

May 9, 2022
Greenville, South Carolina

JA26

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Denise Ernul | ) | C.A. No. 6:21-cv-01842-TMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S STATUS REPORT** |
| | ) | |
| Appalachian Council of Governments, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Per this court's text order of May 18, 2022 [ECF 27], Defendant updates the status of this case as follows:

1.    On May 3, 2022, this court held a telephone conference with the parties as a result of a motion to dismiss for failure to prosecute filed by Defendant. The motion to dismiss was filed as a result of Plaintiff's repeated failure to participate in discovery in any meaningful way, including: failing to respond to discovery by a March deadline *she* set roughly five months after discovery was served upon her; failing to respond to a subsequent motion to compel; failure to comply with the deadline in this court's order regarding that motion to compel; and failure to serve any discovery of her own or otherwise prosecute this action beyond the mere filing of the Complaint.[1]

2.    As a result of the aforementioned telephone conference of the parties, Plaintiff was allowed another ten days to respond to discovery, with a deadline of May 13, 2022.

---

[1]Plaintiff only filed Local Rule 26.01 responses after being ordered to do so, and then filed them roughly two weeks after the court-mandated deadline. She has never filed Local Rule 26.03 responses.

JA27

3.    As with every other deadline in this case, May 13, 2022, came and went with no action or communication by Plaintiff.

4.    On May 18, 2022, this court entered the relevant text order directing the parties to provide a status report "with respect to the production of discovery which was due to be provided by Plaintiff on or before May 13, 2022. Defendant should also advise whether its . . . Motion to Dismiss should still be considered or withdrawn."

5.    The undersigned then emailed the court's civil case manager the same day to advise that no further discovery responses had been forthcoming from Plaintiff and asking that the court rule on the motion to dismiss. The court is in possession of that email.

6.    Plaintiff's counsel immediately responded to that email to the court's civil case manager advising him that "Ms. Ernul and I are gathering what she has and would respectfully ask for five more business days." The court is in possession of that email. Five more business days from May 18, 2022, would be May 25, 2022. Plaintiff's deposition is scheduled for May 26, 2022.

7.    In the meantime, on May 19, 2022, Plaintiff's counsel forwarded an email from his client with the statement, "Dirk, my client has supplemented her discovery as follows. Best, Peter". [Ex. A] The email forwarded from Plaintiff through her counsel reads, in its entirety:

> Here's you go. I included my company SC Certificate of Existence for my Company PMII Enterprises LLC, complete tax returns for year 2019 and 2020, I can't find my 2018 tax returns. As to the attorney's questions about where was the discrimination, see below.
>
> I was wrongfully treated and terminated for having a secondary form of income, when other white co-workers solicited secondary income streams often through employee email contacts, leaving literature, or personal engagement without question. Unfortunately,

Page 2 of  5

JA28

when I sent the first workplace email to solicit insurance business, as others white co-worker had done before for additional income, the workplace became more hostile towards me. I was targeted by unknown sources that told Steve that I was engaging in business activities at work when I wasn't. I had to constantly validate who I was talking to, who visited and for what reason to ensure it wasn't insurance business related, which I did on a regular basis (Provided proof to Steve). However, the workplace was intense prior to me soliciting insurance business due to the way Steve Pelissier allowed Don Zimmer to treat me, even after being informed of his demeaning and deliberate verbal attacks and actions against me.

1. White co-workers that solicited secondary income or fundraisers
   a. Beth Lewis - Used ACOG, conference room to solicited bow making for a fee.
   b. Sandy Dunagan - Emailed and left sales catalogs in ACOG kitchen to solicit MaryKay
   c. Michelle Anderson - Personal engagement solicited and emailed Cabin rentals
   d. Monica Ramm - Emailed and personal engagement solicited for the sale of hand-made Wreaths and other crafts
   e. Kim Reyes, Jessica Winters, Melissa Poole - solicited fundraisers for there children constantly through workplace emails and personal engagement.

2. Was treated differently
   a. Was told to not solicit insurance business on premise, during work hours or through company email because of how it may be viewed by others
   b. I was told to work with or ask Don Zimmer to assist me even after informing Pelissier on his deeming conversations, undermining and sabotaging actions against me.
   c. Several times, tried to set me up to fail - assignments would be given at the last minute or information withheld to the last minute, so I would either have to stay after work hours or work on the weekend without compensation to meet the deadline given.
   d. Did not receive support needed from Pelissier, as other's received from him or their direct supervisors, especially when Zimmer would raise his voice at me, constantly criticizing my performance, tossed a file across his desk at me and told me to figure it out then sabotage my efforts by telling Pelissier he took care of it. Advised him when Zimmer confronted me in my office by slamming change on my desk  and rudely voiced his opinion on

JA29

receiving change for print usage.
   e. Though I worked graciously through it, by asking others for
assistant or training myself, I was not provided adequate or
sufficient training. (My performance reviews reflect pay increases,
in spite of the hostile environment and lack of support)
   f. Pelissier is the Director of ACOG and is culpable by allowing
the discriminatory actions go on for as long as it did and allowing
other's to hinder my professional growth and success at ACOG.

3. PMII Enterprises - Anyone can check the State's Business Entity
lookup website Entity Profile - Business Entities Online - S.C.
Secretary of State (sc.gov).

There were no attachments to that email.

8.      To date, the2019 and 2020 tax returns  referenced in Plaintiff's email have not

been produced, nor have any other tax returns from 2011 forward and sought in requests for

production. She has also failed to produce, despite it also being requested in discovery:

   a.    any document relating to her charge of discrimination;
   b.    any documents relating to loans referenced in her initial discovery
         responses;
   c.    the income and expense records, financial statements, payroll or wage
         records, and benefits documents for her business, all of which relate to
         both the her termination and subsequent damages;
   d.    any information pertaining to her employment history beyond a resume;
         and
   e.    any information itemizing her damages.

9.      What she did provide in the form of a narrative is not responsive to any discovery

request. The information that she states can be obtained from the Secretary of State is

unresponsive to any of the items in 8, subparts b, c and e above, as the Secretary of State would

not have those items.

10.     Plaintiff's deposition is scheduled for May 26, 2022. It will again have to be

rescheduled.

JA30

Accordingly, Defendant would respectfully request that the court rule on the motion to dismiss.

_s/ Derwood L. Aydlette III_
Derwood L. Aydlette III (FID No. 5036)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Ph: (803) 799-9311
Fax:  (803) 254-6951
daydlette@gsblaw.net

ATTORNEYS FOR DEFENDANT

May 25, 2022

Columbia, South Carolina

Page 5 of  5

**Dirk Aydlette**

| | |
|---|---|
| **From:** | Peter Rutledge <peter@prutlaw.com> |
| **Sent:** | Thursday, May 19, 2022 6:47 AM |
| **To:** | Dirk Aydlette |
| **Subject:** | FW:  [External] Deposition Info Requested |

**CAUTION:** This email originated from outside the Firm. Maintain caution when opening external links/attachments

Dirk, my client has supplemented her discovery as follows.

Best,

Peter

**From:** Denise Ernul Purpose Driven <DPERNUL@msn.com>
**Date:** Wednesday, May 18, 2022 at 11:57 PM
**To:** Peter Rutledge <peter@prutlaw.com>
**Subject:** Deposition Info Requested

Here's you go. I included my company SC Certificate of Existence for my Company PMII Enterprises LLC, complete tax returns for year 2019 and 2020, I can't find my 2018 tax returns. As to the attorney's questions about where was the discrimination, see below.

I was wrongfully treated and terminated for having a secondary form of income, when other white co-workers solicited secondary income streams often through employee email contacts, leaving literature, or personal engagement without question. Unfortunately, when I sent the first workplace email to solicit insurance business, as others white co-worker had done before for additional income, the workplace became more hostile towards me. I was targeted by unknown sources that told Steve that I was engaging in business activities at work when I wasn't. I had to constantly validate who I was talking to, who visited and for what reason to ensure it wasn't insurance business related, which I did on a regular basis (Provided proof to Steve). However, the workplace was intense prior to me soliciting insurance business due to the way Steve Pelissier allowed Don Zimmer to treat me, even after being informed of his demeaning and deliberate verbal attacks and actions against me.

1. White co-workers that solicited secondary income or fundraisers
    a. Beth Lewis – Used ACOG, conference room to solicited bow making for a fee.
    b. Sandy Dunagan – Emailed and left sales catalogs in ACOG kitchen to solicit MaryKay
    c. Michelle Anderson – Personal engagement solicited and emailed Cabin rentals
    d. Monica Ramm – Emailed and personal engagement solicited for the sale of hand-made Wreaths and other crafts
    e. Kim Reyes, Jessica Winters, Melissa Poole – solicited fundraisers for there children constantly through workplace emails and personal engagement.

2. Was treated differently

JA32

a. Was told to not solicit insurance business on premise, during work hours or through company email because of how it may be viewed by others

b. I was told to work with or ask Don Zimmer to assist me even after informing Pelissier on his deeming conversations, undermining and sabotaging actions against me.

c. Several times, tried to set me up to fail – assignments would be given at the last minute or information withheld to the last minute, so I would either have to stay after work hours or work on the weekend without compensation to meet the deadline given.

d. Did not receive support needed from Pelissier, as other's received from him or their direct supervisors, especially when Zimmer would raise his voice at me, constantly criticizing my performance, tossed a file across his desk at me and told me to figure it out then sabotage my efforts by telling Pelissier he took care of it. Advised him when Zimmer confronted me in my office by slamming change on my desk  and rudely voiced his opinion on receiving change for print usage.

e. Though I worked graciously through it, by asking others for assistant or training myself, I was not provided adequate or sufficient training. (My performance reviews reflect pay increases, in spite of the hostile environment and lack of support)

f. Pelissier is the Director of ACOG and is culpable by allowing the discriminatory actions go on for as long as it did and allowing other's to hinder my professional growth and success at ACOG.

3. PMII Enterprises – Anyone can check the State's Business Entity lookup website Entity Profile - Business Entities Online - S.C. Secretary of State (sc.gov)

Denise Ernul
(864) 449-6472

JA33

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Denise Ernul | ) | |
| | ) | C.A. No. 6:21-cv-01842-TMC-JDA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S MEMORANDUM IN** |
| Appalachian Council of Governments, | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| Defendant. | ) | |
| | ) | |

The Plaintiff hereby responds to the Defendant's Motion to Dismiss for Failure to

Prosecute as follows.

In this matter Plaintiff asserts that her employment with Appalachian Council of

Governments (ACOG) was terminated wrongfully, for the pretextual reason that her running of

her own business interfered with her duties at ACOG. Other employees outside the Plaintiff's

protected category similarly handled side businesses and were not terminated.

Plaintiff avers that the Defendant's motion should be denied because it is moot. She has

thus far completely responded to the Defendant's discovery requests. She has supplemented her

responses with the remaining tax returns, loan documents, and an itemization of her damages,

among other things.

Plaintiff has provided all the information she is able to.

Moreover, the Defendant has not been prejudiced by the Plaintiff's supplementation of

discovery as requested. The Defendant now possesses everything necessary to conduct a

thorough deposition of the Plaintiff and the Court has indicated it is willing to allow Defendant

to conduct discovery as needed as a result of their need for additional information to conduct said

1

JA34

deposition.

"When the sanction involved is judgment by default [or the equivalent which would be to dismiss Plaintiff's case with prejudice], the district court's "range of discretion is more narrow" because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court. *See Wilson v. Volkswagen of America*, Inc., 561 F.2d 494, 503–04 (4th Cir.1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978). As we recognized in *Wilson*, those competing interests require the application of a four-part test: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Id.* at 503–06. *See also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (adopting the *Wilson* factors).

"[O]"nly the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default. In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) *citing National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781.

In this case, Plaintiff is a cancer survivor who struggled after her high-dose chemotherapy

2

and radiation treatment and subsequent wrongful termination by Defendant.

Plaintiff has NOT been previously sanctioned by the Court and Defendant has NOT been prejudiced by her need to supplement her discovery after they deemed the same to be deficient nor their assertions they needed such information before they could take a meaningful deposition of Plaintiff because the Court indicated its willingness to reset deadlines for them to do the same.

For these reasons, the *Wilson* factors are not present and the Plaintiff respectfully requests that the Defendant's Motion to Dismiss with prejudice be DENIED.

s/Peter A. Rutledge, Esq.
Peter A. Rutledge, Esq.
FED ID. 15877
66 Faris Circle
Greenville, SC 29605
864-906-2521
Peter@PRutLaw.com

June 9, 2022                              **ATTORNEY FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Denise Ernul | ) | C.A. No. 6:21-cv-01842-TMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S REPLY TO PLAINTIFF'S** |
| | ) | **MEMORANDUM IN OPPOSITION TO** |
| Appalachian Council of Governments, | ) | **DEFENDANT'S MOTION TO DISMISS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

In Plaintiff's response to Defendant Appalachian Council of Government's ("ACOG")

Motion to Dismiss (Dkt Entry 21) she states:

> Plaintiff avers that the Defendant's motion should be denied
> because it is moot. She has thus far completely responded to the
> Defendant's discovery requests. She has supplemented her
> responses with the remaining tax returns, loan documents, and an
> itemization of her damages, among other things. Plaintiff has
> provided all the information she is able to.

(Dkt. Entry 33 at 1). Plaintiff is incorrect. What she has actually done is finally, after ignoring

numerous deadlines including three imposed by court order, produced what she hopes is enough

to have ACOG throw up its hands in exasperation and accept that Plaintiff simply is unwilling to

produce what she personally – not just her counsel – knows she is obligated to produce. This is

apparent by looking at what she *has* produced.

In her first round of production which occurred on May 2, nearly two months after her

last requested extension of March 4 and nearly two weeks after the court's April 20 deadline set

in response to ACOG's unopposed motion to compel, Plaintiff produced just nine pages of

documents: her resume, her 2019 ACOG W-2, a Form 1099G for her unemployment

Page 1 of  7

JA37

compensation, and two Form 1099's from Occidental Life Insurance for her business. That court-ordered April 20 deadline instructed Plaintiff to "fully respond to Defendant's First Discovery Requests by" that date. (Dkt. Entry 20).

Following the phone conference of the parties and the court on May 3, this court gave Plaintiff, at her request, an additional 10 days to fully respond to ACOG's discovery. Plaintiff failed to meet that May 13 deadline too. The events between May 13 and May 25 are documented in the status report filed by ACOG on May 25. (Dkt. Entry 28).

On May 27, Plaintiff finally provided via email her 2019 and 2020 tax returns with her counsel's representation, "This is all she has", ostensibly a message from Plaintiff herself. She has not produced any tax return before 2019, despite the request for production seeking her returns from 2011 forward.[1] That request also sought "all supporting schedules and documents, such as W2 forms, 1099s, and the like, whether filed or not, as well as tax returns for any business in which Plaintiff had an interest." Plaintiff knows that she had to produce those additional documents as evidenced by the fact that she produced her Occidental Life 1099's and her ACOG W-2. Notably, Plaintiff's 2019 tax return shows gross income from her personal business in excess of $145,000. The only supporting document she has produced is the 2019 Occidental 1099 showing less than $3,000 in payments to her. Similarly, her 2020 tax return shows more than $99,000 in gross income from her business and yet she has produced only a 2020 Occidental 1099 reflecting less than $1,000 in payments. Plaintiff also deducted as

_____

[1]Plaintiff has also failed to return a signed authorization for the South Carolina Department of Revenue to produce her tax records. That document was forwarded via email to her counsel and his legal assistant on June 2, 2022.

JA38

expenses for that business of more than $118,000 in 2019 and more than $84,000 in 2020. She has produced no underlying documentation supporting those deductions.

While this missing information may seem uninteresting or unnecessary, two points must be made. First, the time for Plaintiff to object to producing *any* of the requested information has long since passed. It passed when she waived her right to timely interpose objections to the requested discovery. That waiver was further solidified by this court's instruction to Plaintiff to "fully respond to Defendant's First Discovery Requests." Second, Plaintiff's Complaint makes it clear that a crucial issue in this case is the allegation that she was terminated, in large measure, for running a business on ACOG's time. (Dkt. Entry 1-1 at ¶¶ 7, 10, 11 13). With her tax returns in hand, ACOG now knows the size of that business. It was not a side hustle selling eggs after hours at a local farmer's market. It was a business that generated a quarter of a million dollars in gross income in the last two years of her employment with ACOG. Accordingly, ACOG's interest in seeing the underlying data for the business in question is not a passing one. And Plaintiff has failed to produce the vast majority of the required documentation.

On June 7, four days after the close of discovery, Plaintiff produced some additional documents, though she still failed to fully respond to ACOG's discovery requests. In that production she produced:

- three state retirement system statements (2019-20);

- a state Blue Cross enrollment welcome letter;

- a 2021 tax return reflecting more than $45,000 in what is now deemed passive income from her business with no supporting documentation despite a reference to a Form K-1 from which that number is derived;

- an account statement for a medical expense loan, with no supporting documentation other than her own spreadsheets;

Page 3 of 7

- a Lending Club loan account statement with no supporting documentation other than her own damage calculation spreadsheet;

- a Prosper Loan home improvement loan account statement with no supporting documentation other than her own damage calculation spreadsheet;

- a Freedom Plus loan account statement with no supporting documentation other than her own damage calculation spreadsheet;

- a note showing that Plaintiff's business obtained a Paycheck Protection Program ("PPP") loan of $85,130 in 2020, with no supporting documentation of any kind other than her own damage calculation spreadsheet; and,

- two SCDEW form 1099's.[2]

In all, Plaintiff has produced barebones responses where she has responded at all. Of particular interest to ACOG, in addition to the documents underlying her business tax returns, are the various loan documents she references in her damages calculation and for which she produced only surface-level documents. She seeks damages from ACOG for more than $95,000 in personal and business loans and nearly $24,000 in medical expenses, and yet she has produced no supporting documentation as to how the loans were obtained or utilized, or how the expenses were incurred. As to the more than $85,000 PPP loan, ACOG specifically requested "[c]opies of any ***loan or grant applications*** made on behalf of any business in which Plaintiff has an ownership interest ***including supporting documentation of any kind, as well as any correspondence or other communications or documents pertaining to said applications***."

---

[2] ACOG has not produced any of Plaintiff's production as most of it contains sensitive personal information. ACOG invites Plaintiff to correct any errors or omissions of the undersigned in reference to the cited production or, alternatively, will forward Plaintiff's production to the court or file it, whichever the court instructs.

Page 4 of 7

While the request to produce alone mandates that she produce those underlying documents, Plaintiff's damages spreadsheet makes it plain she intends to hold ACOG responsible for those loans. The PPP program, in particular, required meticulous documentation to both apply for, and seek forgiveness of, those loans. Plaintiff has produced nothing beyond the note itself. Not only does the PPP loan and supporting documents go to the damages Plaintiff claims, it is also relevant to the size of the business Plaintiff was running while employed by ACOG and which figures prominently in her termination, the lone adverse action at issue in this case.

Further, Plaintiff has produced not a single document regarding her charge of discrimination filed with the EEOC despite a specific request for those documents. She has also not produced any "expense records, financial statements and agreements of any partnership, joint venture, proprietorship or other business entity in which" she has or had any interest, other than the above referenced tax returns and the minimal 1099's. And she has not responded to interrogatory 7 seeking specific information regarding her employment history.

Despite numerous opportunities and court ordered deadlines, Plaintiff has produced only a fraction of the information sought in ACOG's discovery. She knows that she is obligated to produce information regarding her income, taxes, and business, as well as her loans and other expenses. We know this because she *did* produce surface-level documentation as to her loans and taxes, and she knew to produce roughly $3000 worth of 2019 and 2020 Occidental Life 1099's as underlying documents for her roughly quarter million dollar grossing business. However, she has produced nothing further even at this late date.

Plaintiff correctly cites the factors for the sanction of dismissal: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his

Page 5 of 7

JA41

adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to

produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the

effectiveness of less drastic sanctions. *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494,

503–04 (4th Cir.1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768, (1978). As to

the first factor, Plaintiff's production has been a slow drip, and even then, untimely and

insufficient. She knows what she has to produce and no amount of scheduling order or other

court-imposed deadlines has made her compliant. The prejudice to ACOG is that Plaintiff's

deposition has been noticed, prepared for and postponed three times due to Plaintiff's failure to

adequately respond to ACOG's discovery, to the point where the discovery deadline, amended

twice before, has now passed and ACOG still lacks the requested documents. As to the third

factor, Plaintiff has made it clear that she does not intend to "fully respond" to ACOG's

discovery as this court previously ordered. Her goal is clearly one of attrition, where she hopes

that ACOG will simply accept what she has produced and give up. She either will not, or does

not want to, produce certain information. Her obstinance and insubordination towards this court

should not be rewarded. And as to the fourth factor, the court has gone above and beyond to give

Plaintiff every opportunity to "fully respond" to ACOG's discovery. When she finally and

belatedly produced her 2019 and 2020 tax returns on May 27, it came with the message, "This is

all she has." Clearly that was false as she then produced some further documentation on June 7,

after both the May 13 deadline for production and the June 3 discovery deadline. There is simply

no reason to believe that if the court gives her yet another opportunity to respond to discovery

that she will fully or timely comply.

JA42

Based on the foregoing, the undersigned respectfully requests that the Motion to Dismiss be granted and that this action be dismissed with prejudice.


June 16, 2022

Columbia, South Carolina

          __s/ Derwood L. Aydlette III__
          Derwood L. Aydlette III (FID No. 5036)
          GIGNILLIAT, SAVITZ & BETTIS, LLP
          900 Elmwood Avenue, Suite 100
          Columbia, South Carolina  29201
          Ph: (803) 799-9311
          Fax:  (803) 254-6951
          daydlette@gsblaw.net

          ATTORNEYS FOR DEFENDANT


Page 7 of  7


JA43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Denise Ernul, | ) | Case No. 6:21-cv-01842-TMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Appalachian Council of Governments, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on a motion to dismiss by Defendant. [Doc. 21.] Plaintiff, represented by counsel, brings this action alleging race and color discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and race discrimination pursuant to 42 U.S.C. § 1981. [Doc. 1-1 ¶¶ 14–24.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in this employment discrimination action are referred to the undersigned United States Magistrate Judge for consideration.

Plaintiff filed this action in the Greenville County Court of Common Pleas, and Defendants removed it to this Court on June 17, 2021, on the basis of federal-question jurisdiction. [Docs. 1; 1-1.] On May 2, 2022, Defendant filed a motion to dismiss for failure to prosecute based on Plaintiff's failure to respond to discovery. [Doc. 21.] On June 9, 2022, Plaintiff filed a response opposing the motion to dismiss, and on June 16, 2022, Defendant filed a reply. [Docs. 33; 34.] The motion is now ripe for review.[1]

---

[1]On June 6, 2022, this Court issued an Order granting a motion by Defendant to stay all deadlines in this case, pending the Court's ruling on Defendant's motion to dismiss. [Doc. 32; *see* Doc. 31.]

## BACKGROUND

Plaintiff alleges that she is an African-American/Asian female who was originally employed by Defendant in June 2018 as an office manager until she was terminated in August 2020.  [Doc. 1-1 ¶ 4.]  Plaintiff claims she performed an insurance sales business after hours and on weekends but that Defendant mistakenly accused her of performing her insurance business during work hours.  [*Id.* ¶ 10.]  Plaintiff alleges that Defendant terminated her employment "for the pre-textural reason that [Defendant] had lost confidence in her ability to perform her job, citing her supplemental employment in insurance sales."  [*Id.* ¶ 13.]

As noted, Plaintiff's Complaint alleges a cause of action for race and color discrimination under Title VII [*id.* ¶¶ 14–19] and a cause of action for violation of 42 U.S.C. § 1981 [*id.* ¶¶ 20–24].  As relief, Plaintiff requests money damages, including punitive damages, and court costs and attorneys' fees.  [*Id.* at 6.]

## DISCUSSION

Defendant argues that, due to Plaintiff's failure to comply with this Court's Order compelling her participation in discovery, Defendant is entitled under Rule 37(b)(2)(A) for an order dismissing this action for failure to prosecute.  [Docs. 21; 34.]  The Court agrees.

**Facts Relating to the Sanctions Motion**

Discovery was served on Plaintiff on October 21, 2021.  [Doc. 19-1.]  Although responses to the interrogatories and requests for production were originally due November 20, 2021, Plaintiff was allowed several extensions and ultimately agreed to respond to discovery on March 4, 2022.  [Doc. 19.]  However, Plaintiff did not produce any answers

2

JA45

or documents by that date, and thus Defendant filed a motion to compel on March 10, 2022. [*Id.*] Plaintiff also filed no response to Defendant's motion, and on March 30, 2022, this Court issued a Text Order granting the motion to compel and ordering Plaintiff to "fully respond" to Defendant's discovery by April 20, 2022. [Doc. 20.] Despite the Court-ordered deadline, Plaintiff again provided no discovery response by that date. [Doc. 21.]

On May 2, 2022, with Plaintiff still having not responded, Defendant filed a motion to dismiss Plaintiff's action based on Plaintiff's failure to provide discovery. [*Id.*] Defendant represented that Plaintiff's deposition was then currently scheduled for May 5, 2022, which was the day before the close of the discovery in the case, and Defendant argued it had been prejudiced by Plaintiff's continued failure to provide timely discovery responses. [*Id.* at 2.] Defendant requested that Plaintiff's action be dismissed with prejudice or in the alternative that Plaintiff be ordered to respond to Defendant's discovery in full and without objection no later than May 13, 2022, and that the discovery deadline be extended to May 31, 2022, so that Plaintiff would have time to review Plaintiff's discovery responses before deposing Plaintiff. [*Id.*]

That same day, Plaintiff produced nine pages of documents, including her resume, her 2019 W-2 for her work with Defendant, a Form 1099G for her unemployment compensation, and two Form 1099s from Occidental Life Insurance for her business. [Doc. 34 at 1–2.]

Given the outstanding discovery problems, the Court held a telephone conference on May 3, 2022, took Plaintiff's motion to dismiss under advisement, and ordered "Plaintiff to respond to [Defendant's] discovery in full and without objection by May 13, 2022." [Doc. 23.] In light of the delay caused by Plaintiff's failure to respond adequately to discovery,

3

the Court also ordered the parties to submit a proposed amended scheduling order for the Court's consideration by May 9, 2022. [*Id.*]

More than two weeks later, on May 18, 2022, the Court issued a Text Order directing the parties to provide the Court with a status update regarding the production of discovery that Plaintiff had provided on or before the May 13, 2022, deadline and whether Defendant would be withdrawing its motion to dismiss. [Doc. 27.] Defendant sent the Clerk's Office an email that same day advising that Plaintiff had not provided *any* further response and requesting a ruling on its motion to dismiss. [Doc. 28 ¶ 5.] Plaintiff's counsel responded to that email, also on the same day, stating, "[Plaintiff] and I are gathering what she has and would respectfully ask for five more business days." [*Id.* ¶ 6.] On May 19, 2022, Plaintiff's counsel then forwarded to Defendant an email from Plaintiff stating: "'Here[] you go. I included my company SC Certificate of Existence for my Company PMII Enterprises LLC, complete tax returns for year 2019 and 2020, I can't find my 2018 tax returns. As to the attorney's questions about where was the discrimination, see below.'" [*Id.* ¶ 7.] In the forwarded email, Plaintiff outlined what she maintained were facts supporting her allegation that she was treated differently based on her race and color, including naming white co-workers that solicited secondary income or fundraisers and ways that she claims she was treated differently. [*Id.*] She also stated regarding PMII Enterprises that "[a]nyone can check the State's Business Entity lookup website Entity Profile - Business Entities Online - S.C. Secretary of State (sc.gov)." [*Id.*]

Six days later, on May 25, 2022, Defendant filed its status report informing the Court that, despite the Court's Order of May 3, 2002, Plaintiff had not produced any additional

4

discovery response or other communication by the May 13, 2022, deadline.  [*Id.* ¶ 3.]

Defendant provided the following assessment of Plaintiff's discovery response through the

date of the status report:

> 8.    To date, [the 2019] and 2020 tax returns referenced in Plaintiff's email have not been produced, nor have any other tax returns from 2011 forward and sought in requests for production.  She has also failed to produce, despite it also being requested in discovery:
>
> a.    any document relating to her charge of discrimination;
> b.    any documents relating to loans referenced in her initial discovery responses;
> c.    the income and expense records, financial statements, payroll or wage records, and benefits documents for her business, all of which relate to both . . . her termination and subsequent damages;
> d.    any information pertaining to her employment history beyond a resume; and
> e.    any information itemizing her damages.
>
> 9.    What she did provide in the form of a narrative is not responsive to any discovery request.  The information that she states can be obtained from the Secretary of State is unresponsive to any of the items in 8, subparts b, c and e above, as the Secretary of State would not have those items.
>
> 10.    Plaintiff's deposition is scheduled for May 26, 2022.  It will again have to be rescheduled.

[*Id.* ¶¶ 8–10.]

On May 27, 2022, Plaintiff finally provided, via email, her 2019 and 2020 tax returns.

[Doc. 34 at 2.]  On June 7, 2022, after discovery had closed, Plaintiff also produced a few

additional documents, those being:  three state retirement system statements; a state Blue

Cross enrollment welcome letter; a 2021 tax return reflecting more than $45,000 in

purportedly passive income from Plaintiff's business; account statements for a medical

5

expense loan, a Lending Club loan, a Prosper Loan home improvement loan, and a Freedom Plus loan; a note showing that Plaintiff's business obtained a Paycheck Protection Program ('PPP') loan of $85,130 in 2020; and two South Carolina Department of Employment and Workforce Form 1099s. [*Id.* at 3–4.]

On June 9, 2022, Plaintiff filed a response in opposition to Defendant's motion to dismiss. [Doc. 33.] In the response, Plaintiff asserts that she has "thus far completely responded to [Defendant's] discovery requests," "supplemented her responses with the remaining tax returns, loan documents, and an itemization of her damages, among other things," and "provided all the information she is able to." [*Id.* at 1.] She also asserts that "Defendant has not been prejudiced by [Plaintiff's] supplementation of discovery as requested" and that Defendant "now possesses everything necessary to conduct a thorough deposition" of Plaintiff. [*Id.*] Plaintiff adds that "the Court has indicated it is willing to allow Defendant to conduct discovery as needed as a result of [Defendant's] need for additional information to conduct said deposition." [*Id.* at 1–2.] Plaintiff emphasizes that she "is a cancer survivor who struggled after her high-dose chemotherapy and radiation treatment and subsequent wrongful termination by Defendant," she has not been sanctioned by the Court previously, and Defendant has not been prejudiced by any delay in Plaintiff providing her discovery responses. [*Id.* at 2–3.] Plaintiff therefore argued that Defendant's motion to dismiss should be denied and her action should not be dismissed. [*Id.* at 3.]

Defendant filed a reply on June 16, 2022. [Doc. 34.] In the reply, Defendant vehemently challenges Plaintiff's characterization that she had completely responded to

6

JA49

Defendant's discovery requests. [*Id.*] Although Defendant notes that Plaintiff eventually provided further response via email, including her 2019, 2020, and 2021 tax returns, Defendant emphasizes that Defendant's request for production sought returns from *2011* forward, along with "'all supporting schedules and documents such as W2 forms, 1099s, and the like, whether filed or not, as well as tax returns for any business in which Plaintiff had an interest.'" [*Id.* at 2.] Regarding these supporting schedules and documents, Defendant asserts that Plaintiff well understands that she is required to produce those, as shown by the fact that she produced her Occidental Life 1099's and her W-2 for her work for Defendant. [*Id.*] Defendant contends that Plaintiff has left Defendant with a significant information gap insofar as her 2019 tax return shows gross income from her personal business exceeding $145,000 but the only supporting document she has produced is the 2019 Occidental 1099 showing less than $3,000 in payments to her. [*Id.*] Similarly, Defendant points out that Plaintiff's 2020 tax return reflects more than $99,000 in gross income from her business but she has produced only a 2020 Occidental 1099 showing less than $1,000 in payments, and her returns also show that she deducted business expenses exceeding $118,000 in 2019 and $84,000 in 2020, but she has not produced any documentation supporting the deductions. [*Id.* at 2–3.] Defendant argues that, given that "Plaintiff's Complaint makes it clear that a crucial issue in this case is the allegation that she was terminated, in large measure, for running a business on [Defendant's] time," the information she has now produced shows the size of that business and shows why Defendant's "interest in seeing the underlying data for the business in question is not a passing one." [*Id.* at 3.]

JA50

Defendant also notes that Plaintiff seeks damages for more than $95,000 in personal and business loans and almost $24,000 in medical expenses but has not produced the documentation supporting her loan applications. [*Id.*] Defendant notes that it requested "'[c]opies of any loan or grant applications made on behalf of any business in which Plaintiff has an ownership interest including supporting documentation of any kind, as well as any correspondence or other communications or documents pertaining to said applications.'" [*Id.* (emphasis omitted).] Separately, Defendant points out that despite Defendant's specific request for the documents, "Plaintiff has not produced a single document regarding her charge of discrimination filed with the EEOC" and she has failed to respond to an interrogatory seeking specific information about her employment history. [*Id.* at 5.]

On September 9, 2022, the Court directed Defendant to forward to the Court, for in camera review, "all of the discovery that Plaintiff has produced." [Doc. 37.] Plaintiff forwarded that discovery the same day. [Doc. 38.]

**Applicable Law**

"Federal courts have the inherent power to order sanctions to preserve the integrity of the judicial process and to punish bad-faith conduct intended to delay or disrupt the course of litigation or to impede enforcement of a court order." *Life Techs. Corp. v. Govindaraj*, 931 F.3d 259, 267 (4th Cir. 2019) (internal quotation marks omitted). Rule 37 of the Federal Rules of Civil Procedure defines the sanctions a court may levy on a party who refuses to cooperate in discovery and/or fails to comply with a court order. Under Rule 37(b), a district court may impose sanctions, including dismissing the action or holding

8

JA51

a party in contempt of court, for a party's failure to comply with the court's discovery orders. Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 16(f)(1)(c) (providing that the district "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a . . . pretrial order").  "In determining the appropriate sanctions to impose under Rule 37, [courts] consider (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would [be] effective."  *Beach Mart, Inc. v. L&L Wings, Inc.*, 784 F. App'x 118, 124 (4th Cir. 2019).

With the sanction of dismissal, "the range of discretion is more narrow than when a court imposes less severe sanctions."  *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (internal quotation marks omitted).  "Dismissal of a party's case for failure to comply with a court order or a discovery request is a severe sanction that must be exercised cautiously and with restraint."  *Whatley v. S.C. Dep't of Pub. Safety*, No. 3:05-0042-JFA, 2007 WL 120848, at *12 (D.S.C. Jan. 10, 2007).  To warrant dismissal, the offending party's conduct in the litigation must demonstrate "a pattern of indifference and disrespect to the authority of the court."  *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1992).

In addition, the Fourth Circuit has emphasized the significance of providing a party with a warning regarding the possibility of dismissal before entering such a sanction. *Hathcock*, 53 F.3d at 40. While a district court may dismiss a party's case for noncompliance with the court's discovery order where the party's action constitutes

9

JA52

"'flagrant bad faith'" and "'callous disregard'" of her responsibilities, *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), the Fourth Circuit has held the dismissal power should be exercised only when the record clearly reflects "delay or contumacious conduct by the plaintiff," *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (internal quotation marks omitted).

The standard for dismissal under Rule 41 is "virtually the same" as that for dismissal under Rule 37.[2] *Carter v. Univ. of W. Va. Sys., Bd. of Trs.*, 23 F.3d 400, at *2 (4th Cir. 1994) (unpublished table decision). A court is authorized under Rule 41 to involuntarily dismiss a party's case for failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In determining whether dismissal is warranted under that rule, a court considers: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

**Discussion**

The undersigned concludes that the Court should dismiss Plaintiff's action under Rules 37 and 41.

Initially, the Court finds that Plaintiff has not participated in discovery in good faith. After receiving more than three months of extensions, she failed to respond to discovery

---

[2] Although Rule 41(b) does not explicitly provide for dismissal sua sponte, a court has the inherent power to dismiss a case sua sponte for lack of prosecution or violation of a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962).

by the date she agreed to, requiring Defendant to file a motion to compel. [Doc. 19.] When Plaintiff did not file a response to that motion, the Court granted it and set another deadline for Plaintiff to respond fully to the discovery requests. [Doc. 20.] Plaintiff flatly ignored this court-established deadline as well, necessitating Defendant to file of a motion to dismiss and requiring the undersigned to hold a telephone conference with counsel. [Docs. 21; 23.] Following this conference, the Court took Plaintiff's motion to dismiss under advisement, ordered "Plaintiff to respond to [Defendant's] discovery in full and without objection by May 13, 2022" and informed the parties that the Court would rule on Defendant's motion to dismiss after Plaintiff produced her discovery responses. [Doc. 23.] Plaintiff flatly ignored this court-established deadline as well. [Doc. 28 ¶ 5.]

Since the time that Defendant informed the Court that Plaintiff had again ignored a court-established deadline, Plaintiff has provided some discovery responses. Several days after the deadline, Plaintiff produced some documents [*Id.* ¶ 7] and indicated that those represented all that she could produce [Doc. 33 at 1]. Then she produced a few more documents on May 27, and a few more still on June 7, after discovery had closed. [Doc. 34 at 2–4.] As Defendant properly asserts, Plaintiff's responses have "been a slow drip, and even then, untimely and insufficient." [*Id.* at 6.]

Defendant has explained several ways in which Plaintiff's responses were insufficient. The most significant omissions concern Plaintiff's business. Her damage spreadsheet indicates that she seeks damages for more than $95,000 in personal and business loans, but she has failed to produce the documentation supporting her loan applications despite Defendant's request for "[c]opies of any loan or grant applications made on behalf of any business in which Plaintiff has an ownership interest including

11

JA54

supporting documentation of any kind, as well as any correspondence or other communications or documents pertaining to said applications."  [Doc. 19-1 at 8.] Additionally, Defendant specifically requested "[a]ll income and expense records, financial statements and agreements of any partnership, joint venture, proprietorship or other business entity in which [Plaintiff] has or had any interest whatsoever from 2011 to the present." [*Id.* at 6.] Plaintiff produced tax returns showing gross income from her personal business exceeding $145,000 for 2019 and $99,000 for 2020, and deductible expenses of $118,000 in 2019 and more than $84,000 in 2020.  [Doc. 34 at 2–3.] Yet she has not produced the documentation supporting the deductible expenses.[3]  [*Id.*] Plaintiff also has not yet produced any documents in response to Defendant's request for documents concerning Plaintiff's charge of discrimination filed with the EEOC, nor has she fully responded to Plaintiff's interrogatory requesting particular information regarding her current and past employment.  [*Id.* at 5; Doc. 19-1 at 3–4.]

In response to these descriptions of areas of deficiency, Plaintiff has not explained with any specificity why she has not provided the documents and information sought, referencing only the fact that she is "a cancer survivor who struggled after her high-dose chemotherapy and radiation treatment and subsequent wrongful termination by Defendant."[4]  [Doc. 33 at 2–3.] In the absence of a more specific explanation, and given her consistent pattern of ignoring this Court's Orders and deadlines, the undersigned can

---

[3]The Court notes that Plaintiff has never objected to producing any of the requested information, nor did Plaintiff oppose Defendant's motion to compel discovery responses, and now the time for any objection has passed.

[4]The Court notes that in her spreadsheet outlining her medical expenses, her most recent radiology and oncology appointments were April 10, 2022.

12

only conclude that Plaintiff has not made a good faith effort to respond fully to Defendant's discovery requests. *See Cooper v. Spartanburg Sch. Dist.*, No. 7:15-cv-03072-JMC-JDA, 2017 WL 92895401, at *4–5 (D.S.C. Feb. 24, 2017) (explaining that the plaintiff's failure to comply with multiple court orders was evidence of bad faith).

The Court further concludes that the amount of prejudice to Defendant caused by Plaintiff's failure to provide the relevant discovery has been substantial. As a result of Plaintiff's continued failure to fully respond to discovery, "Plaintiff's deposition has been noticed, prepared for and postponed three times . . ., to the point where the discovery deadline, amended twice before, has now passed and [Defendant] still lacks the requested documents." [Doc. 34 at 6.] Defendants have suffered harm from Plaintiff's failure to comply with the Court's Order because, by refusing to provide the needed discovery—after a request from opposing counsel and an order of the Court compelling compliance—Plaintiff has impaired Defendant's ability to obtain material information it needs to defend against Plaintiff's claim. *See Cooper*, 2017 WL 92895401, at *5. For example, Plaintiff seeks damages for more than $85,000 in a loan for her business but Defendant has not been provided specific information regarding the income and expenses of the business or information supporting the loan application. [Doc. 34 at 2–5.] Of course, Plaintiff's recalcitrance has also required Defendants to spend time and effort attempting to obtain the discovery to which the Court found they were entitled.

The Court notes that even after Defendant filed a motion to compel, filed a motion to dismiss, participated in a telephone conference, and filed its status report informing the Court of Plaintiff's latest missed deadline, and even as the Court has stayed applicable deadlines and warned Plaintiff that the Court would be ruling on Defendant's motion to

JA56

dismiss, Plaintiff still has not provided many of the documents the Court ordered her to provide and has not answered the interrogatories the Court ordered her to answer. The Court concludes that Plaintiff has demonstrated a pattern of indifference and disrespect to this Court's orders that cannot be countenanced and that such noncompliance must be deterred. *See Gilbert v. City of Spartanburg*, No. 7:16-cv-03088-MGL-JDA, 2017 WL 1040725, at *3 (D.S.C. Feb. 24, 2017) (noting the need for deterrence of similar noncompliance), *Report and Recommendation adopted by* 2017 WL 1020981 (D.S.C. Mar. 16, 2017). Additionally, because Plaintiff has already ignored multiple deadlines and Court Orders, the Court concludes that sanctions less drastic than dismissal would not be effective. Indeed, any sanction other than dismissal would fail to cure Plaintiff's determined obdurateness and impede the administration of justice.

The Court notes that in lieu of offering any specific explanation of why she has not provided the requested information, Plaintiff argues that dismissal is not warranted because the Court has not sanctioned her up to this point in this case. [Doc. 33 at 3.] However, Plaintiff has long had clear notice that her case was subject to dismissal if she continued to fail to produce the required responses. *Cf. Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 225 (4th Cir. 2019) (explaining that although "notice is an important aspect of fairness in procedure that might relate to the ultimate fairness of imposing any sanction," a prior warning is not a necessary element for a Rule 37 sanction).[5] It was more

---

[5]In *Rangarajan*, the Fourth Circuit affirmed the dismissal of the plaintiff's case based on her failure to participate in discovery. In rejecting the plaintiff's argument that the plaintiff was not adequately warned of the possibility of dismissal, the Fourth Circuit noted that the defendant moved for dismissal of the action, the district court, "in response to [the defendant's] motion for sanctions, alerted [the plaintiff] that the motion 'raised some serious issues' regarding her failure to comply with rules relating to discovery and summary

than four months ago that the Court took Defendant's motion to dismiss under advisement, ordered Plaintiff "to respond to Defendant['s] discovery in full and without objection by May 13, 2022, and warned Plaintiff that the Court would "rule on Defendant's request for sanctions and/or dismissal after Plaintiff produces discovery responses" [Doc. 23]. At this point, no purpose would be served by the Court continuing to attempt to persuade Plaintiff to prosecute her own case.[6]

For all the aforementioned reasons, the Court recommends that Plaintiff's case be dismissed under Rules 37 and 41. *See Gilbert*, 2017 WL 1040725, at *4 (dismissing action under Rules 37 and 41 for failure to comply with discovery requests and this Court's Orders compelling discovery).

_____

judgment." *Rangarajan*, 917 F.3d at 225. The court emphasized that the defendant had requested dismissal of two of the causes of action as a sanction and that "the gravity of the issues was also conveyed to [the plaintiff] by the district court's order staying proceedings" in the case. *Id.* Additionally, the plaintiff was aware that dismissal was a possibility as shown by the fact that she argued against the court imposing dismissal as a sanction. [*Id.*] Similarly, in the present case, the Court specifically instructed Plaintiff that the Court would rule on Defendant's motion to dismiss after Plaintiff responded to discovery [Doc. 23], the Court stayed the applicable deadlines during the pendency of the motion to dismiss [Doc. 31], and Plaintiff specifically argued against dismissal as a sanction in its response opposing Defendant's motion [Doc. 33].

[6]Regarding Rule 41, the Court has already discussed prejudice and the effectiveness of sanctions less effective than dismissal. All indications, including her forwarded email to her counsel [Doc. 28 ¶ 7], are that she is aware of the discovery that Defendant has requested, including the records relating to her business, and she has failed to produce them, repeatedly continuing to delay the progress of this case.

15

JA58

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the undersigned recommends that Defendant's motion to dismiss [Doc. 21] be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 21, 2022
Greenville, South Carolina

16

JA59

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

|                                          |     |                                      |
| ---------------------------------------- | --- | ------------------------------------ |
| Denise Ernul,                            | )   |                                      |
|                                          | )   |                                      |
|                        Plaintiff,        | )   | Civil Action No. 6:21-cv-1842-TMC    |
|                                          | )   |                                      |
| vs.                                      | )   |                                      |
|                                          | )   |                                      |
| Appalachian Council of Governments,      | )   | **ORDER**                            |
|                                          | )   |                                      |
|                        Defendant.        | )   |                                      |
|                                          | )   |                                      |
| _____  | )   |                                      |

Plaintiff Denise Ernul filed this employment discrimination action against Defendant Appalachian Council of Governments, asserting claims of race discrimination and racially hostile working conditions in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (ECF No. 1-1). Plaintiff originally filed her action in South Carolina state court, and Defendant removed it to federal court. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Nearly one year after this action was removed from state court, Defendant filed a motion to dismiss on the grounds that Plaintiff, who is represented by counsel, repeated refused to respond to discovery requests despite having been given numerous extensions and ignored directives from the magistrate judge relating to Plaintiff's failure to respond to discovery. (ECF No. 21). Plaintiff filed a response in opposition (ECF No. 33) and Defendant filed a reply (ECF No. 34).

Now before the court is the magistrate judge's September 21, 2022, Report and Recommendation ("Report"), recommending that the court grant Defendant's motion to dismiss. (ECF No. 39). The Report thoroughly summarizes the procedural background that forms the basis for Defendant's motion, and the court need not repeat it here. *Id*. at 1–8. The magistrate judge

found that "Plaintiff has not participated in discovery in good faith[,]" noting that, "[a]fter

receiving more than three months of extensions, she failed to respond to discovery by the date she

agreed to, requiring Defendant to file a motion to compel." *Id*. at 10–11. The magistrate judge

described the additional steps she took in an effort to prompt Plaintiff to participate in discovery:

> When Plaintiff did not file a response to [Defendant's] motion [to
> compel], the Court granted it and set another deadline for Plaintiff
> to respond fully to the discovery requests. Plaintiff flatly ignored
> this court-established deadline as well, necessitating Defendant to
> file of a motion to dismiss and requiring the undersigned to hold a
> telephone conference with counsel. Following this conference, the
> Court took [Defendant's] motion to dismiss under advisement,
> ordered "Plaintiff to respond to [Defendant's] discovery in full and
> without objection by May 13, 2022" and informed the parties that
> the Court would rule on Defendant's motion to dismiss after
> Plaintiff produced her discovery responses. Plaintiff flatly ignored
> this court-established deadline as well.

*Id*. at 11. The magistrate judge found that, following the expiration of the court-ordered deadline,

Plaintiff provided some documents but that such production was deficient, and that Plaintiff failed

to provide a reasonably specific explanation regarding her failure to respond to discovery requests

first served on her on October 21, 2021. *Id*. at 11, 14–15. Accordingly, the magistrate judge

recommended the court grant Defendant's motion to dismiss (ECF No. 21) and dismiss Plaintiff's

action pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. *Id*. at 15. Plaintiff,

who is represented by counsel, did not file objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination

in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985)

(quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court

is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop.

Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200

(4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not

JA61

conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

Having thoroughly reviewed the Report and the record under the appropriate standards, and having found no clear error, the court adopts the Report in its entirety (ECF No. 39) and incorporates it herein. Accordingly, Defendant's motion to dismiss (ECF No. 21) is **GRANTED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 18, 2022

3

JA62

AO 450 (SCD 04/2010)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of South Carolina

|  |  |  |
|---|---|---|
| Denise Ernul, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    6:21-cv-01842-TMC |
| Appalachian Council of Governments, | ) | |
| *Defendant* | ) | |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

❐ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($__),
which includes prejudgment interest at the rate of ____ %, plus postjudgment interest at the rate of ____ %, along with
costs.

❐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____
recover costs from the plaintiff *(name)* _____.

**X** other:  dismissed


This action was *(check one)*:

❐ tried by a jury, the Honorable _____ presiding, and the jury has rendered a verdict.

❐ tried by the Honorable _____ presiding, without a jury and the above decision was reached.

**X** decided by the Honorable  Timothy M Cain


Date:   October 18, 2022                              *CLERK OF COURT*

                                                    s/Rob Weber, Deputy Clerk
                                         _____
                                                *Signature of Clerk or Deputy Clerk*

JA63

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Denise Ernul | ) | |
| | ) | C.A. No.: 6:21-cv-1842-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF APPEAL** |
| | ) | |
| Appalachian Council of Governments, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

     Notice is hereby given that, **Denise Ernul**, Plaintiff in the above-named case,

hereby appeals to the United States Court of Appeals for the Fourth Circuit the October 18,

2022, Judgment for Defendant of the Honorable Timothy M. Cain granting Defendant's Motion

to Dismiss on the grounds of Plaintiff's alleged failure to fully cooperate in discovery.

s/Peter A. Rutledge, Esq.
Peter A. Rutledge, Esq.
Federal Bar # 7185
**Rutledge Law, LLC**
66 Faris Circle
Greenville, SC 29605
864-906-2521

November 17, 2022                                **ATTORNEYS FOR PLAINTIFF**

JA64